Good morning. My name is Michael Levine. It's good to see you. I represent Mr. Reyna. Your Honors, this Court has repeatedly said that before sentencing, a motion to withdraw a guilty plea should be freely allowed. In this case, before the draft pre-sentence report was prepared or the final pre-sentence report was prepared, Mr. Reyna filed just such a motion. The basis, the primary basis, while he's put forward several bases, what I want to focus on today is what I view as the most important basis for withdrawal of a guilty plea, namely the discovery of new evidence of motivation for a principal government witness, motivation to impeach a principal government witness. This was discovered, this evidence was discovered only after Mr. Reyna had pled guilty. What was the evidence? It was evidence that one of the witnesses, Mr. Abraham Dias Vargas, had a motive to lie to inculpate Mr. Reyna in this conspiracy. Mr. Dias Vargas was a particularly dangerous witness from the defense point of view because he was a former relative of Mr. Reyna. He had been a former brother-in-law of Mr. Reyna. So to a jury, he would appear to have inside information and would appear to be credible. It was necessary, if the defense were going to prevail at trial, to have a powerful method of impeachment. Now, there was the normal impeachment of a co-conspirator who makes a deal with the government and gets a reduction in sentence. But in my view, that wasn't sufficient, and as the record indicates, I repeatedly asked my client if he could think of another reason why his former brother-in-law would make up these things about him, and he, who had every interest to do so, couldn't. And so, overall, I advised the client to plead guilty, and he pled guilty reluctantly. As the record can see, the circumstances surrounding the plea were very unusual. It was a last-minute change of heart. After his sister made a surprise visit, we were ready for trial, but just the day before trial, the sister arrived. Mr. Levine, assuming that receipt of – an indication that a letter was received, even though the letter couldn't be found, nobody knows who sent it, to show a fair and just reason for withdrawing the plea. But this report nevertheless found that the government, in this instance, wouldn't be prejudiced. It caused Tapia, who particularly, if this letter existed and could be found and could be used, would have been critical. Yes. And he's now been exported. True. Yes, that was ultimately the basis for the district judge's decision. The district judge actually, at E.R. 50, said, I think his quote is, it would have been a slam dunk, I would have definitely granted the motion, words to that effect, were it not for the prejudice. So it was the prejudice that the judge found. But unfortunately, the judge reached the wrong conclusion and abused his discretion in that regard because he did not consider and overlooked, as the government has overlooked in its briefing, a critical factor. The critical factor is this. At the time the motion to withdraw the plea was filed, Mr. Tapia was safely, safely in the custody of the United States. Go ahead. Under what provision of law could the United States have kept Mr. Tapia in jail pending whatever trial date was set, just because there was no trial date yet set? Your Honor, the government can keep him under several, which I've indicated in my brief, and the government has no problem keeping people in custody. Witness Mr. Padilla, who was in custody for years, people are kept, the famous gentleman whose name escapes me at the moment here in Oregon, who was a lawyer who was kept in custody on a material witness warrant, until it turned out that his fingerprints were not that of a supposed terrorist in Spain. The government can keep people in custody through the filing of a material witness warrant, which requires only probable cause. They can keep people in custody through the filing of a writ of habeas corpus, a test of a condom. And it's not necessary, as I state in my brief, that the person have been kept in custody. I'm not suggesting that they were. Here's my question, though. In view of the fact, boy, this is really loud, isn't it? In view of the fact that your papers were filed under seal, your client's papers were filed under seal, during the period before Mr. Tapia was deported, how would they have known to keep him here? Well, my motion to withdraw the plea was filed not under seal. The motion to withdraw the plea was a public filing, May 25, 2000. But the basis for it, as I understood it, the basis for it was not given to the government at that time. Well, the basis for it was stated, and that's true, but it was stated generally in the motion. It was the discovery of new evidence. But that's, if you're the prosecutor and you receive the motion, uh-oh, the defendant is moving to withdraw his plea, for whatever reason, at that point, a prudent prosecutor would seem to be holding it. So it could uphold on every possible witness, even though it looks at the motion to withdraw and says, gee whiz, this just all seems like it's up in the air someplace? Well, Your Honors, with due respect, if a motion to withdraw is being filed and if the government is thinking a judge, a district judge, could grant a motion to withdraw, the motion's been made, it could be granted. Well, most of the time they're not granted, or at least a fair proportion of the time they're not granted. So how is the government supposed to assess the strength of it, the nature of it, and determine whether this was indeed something that should prompt the retention of witnesses? Well, Your Honor, it would seem to me, as a prudent United States attorney who had been working on this case for a while, it was a very serious case, there's no doubt about it. It's a tremendously important case to the government by its own admission. It had been working on it and using tremendous investigative resources. It would seem to me that, and by the way, this is an argument, the Court is raising an argument that has never been raised by the government. But it's an interesting argument. But it's part of the calculus of prejudice in determining whether the district court abused its discretion. We need to look at what was there in front of the district court and what the government's obligation was. And what you seem to be saying is big important case plus motion to withdraw a guilty plea equals government has to keep the witnesses. And that seems like a very broad proposition. Well, it seems to me, in an abundance of caution, the government should do that. And if a motion to withdraw a plea is being made and there's a possibility that the judge is going to grant the motion, the government simply can't just can't do it. Well, the point is that there's always a possibility. Let me ask you a slightly different question, just as a matter of curiosity. If the plea had been withdrawn and the case had gone to trial, how would you have proposed using this evidence? On cross-examination. What good faith basis would you have for doing this? I would say the fact that nobody had the letter, that nobody knew who the letter was sent from. Simply the question, Your Honor. I would have a good faith basis to say, isn't it true, Mr. Diaz Vargas, that the reason why you are testifying against your brother-in-law is because you were being threatened that your children would be taken away from you? No. The answer is no. OK. But the question has been asked. It's been in good faith, and it can put in the minds of the jury an idea that even though it's not going to be argued. But the questions aren't evidence. True. They're not evidence, and it wouldn't be argued. But nevertheless, it's an idea. There's a motive, and it can supply that reasonable doubt that wasn't otherwise there. Would you like to save your remaining time? Thank you, Your Honor. Thank you. May it please the Court. Kemp Strickland here, representing the United States. I submit that the district court did not abuse its discretion in denying defendants' motion to withdraw a plea. There are a number of factors that the judge considered in denying the motion. The first of which, the court concluded that Tapia Lopez was a significant government witness. He's basically outlined in his opinion that the witness could tie chemicals and equipment to methamphetamine labs that were seized. Also, he could testify to his relationship with Diaz Vargas, the defendant's cousin, explain and tie him into the conspiracy, as well as refute any inconsistencies that the defendant now claims he could use through his impeachment evidence. What is wrong with Mr. Levine's argument that in the face of an apparently good-faith motion to withdraw the guilty plea, that it wasn't up to the government at that point to retain in some way Mr. Tapia? He was here. He was here at the time of the motion. Why isn't it the government's own fault that it went ahead and deported him? Well, at the time that this occurred, the government had prepared a pretty extensive trial process of preparation. There were four cooperating witnesses that came from the Bureau of Prisons, not to mention several other witnesses. It was a very large conspiracy. That whole case was dismantled when the defendant pled guilty. Now, two-and-a-half months later is basically when he moved to withdraw his plea. On the face of his filing documents, it appeared that his other claims or basis for withdrawing the plea, including being pressured by his sister and a breakdown of the attorney-client relationship, as well as not knowing the penalties, were all frivolous claims. He filed. But he also said that he had new evidence. It was under seal. The government had no way of knowing what that was. Well, but the time period, you emphasized that it was more than two months later, but Tapia was still here. And that brings the question whether or not the government has a duty, if you will, based on the representations that a defendant made in his motion, and or realistic or practical duty to secure what I consider an extreme measure in getting a material witness warrant. That's the real question. Does the government have an obligation or duty to obtain a material witness warrant and hold someone in custody based on what the defendant filed? It doesn't have an obligation. The question is whether the government, by going ahead and deporting him, takes a risk that there will be a grant of the withdrawal of the plea. At the time, the government knew that there were witnesses in custody. The government knew that Tapia Hernandez was serving a sentence, but did not know he would be deported. We didn't have a reason to believe that he would be deported prior to the hearing on the motion of withdrawal. It was the defendant's delay in two and a half months in bringing his motion that really caused Tapia Lopez to be deported prior to the hearing. Well, the government caused him to be deported. The defendant didn't deport him. No, but it was the fact of the delay. The six-year investigation, a two-year delay in trial with six continuances and two attorneys, and then the two-and-a-half-month delay after the plea, after the government had dismantled this case, is when the defendant filed his motion. That delay, had it not been for those, even those last two-and-a-half months, the government would have had time to look further into Tapia Lopez's status. We could have had the motion, the hearing motion in time, and then the government would have been under obligation after the hearing if the judge granted the motion to get a material witness warrant or use some other way to preserve his testimony. But prior to that, it's really speculative as to whether that motion would be granted. In your experience, what is the rare, I know there's not an exact number out there, but how rare or how common is it for a motion to withdraw a guilty plea to be granted before sentencing? My experience reading the case law is that's very rare. New evidence is one of the things that could be the basis for granting a new motion. We certainly disagree with the district court's conclusion in this case with regards to the new evidence. It wasn't relevant evidence in the defendant's favor. It was impeachment evidence of what value the jury may give to it. Here, if defendant denies or if Diaz-Vargas denies the question, then they can't bring in extrinsic evidence to prove it up. So there really isn't any value that you get out of that evidence. It's not relevant in the defendant's favor. So in the government's eyes, there was no basis to even grant the motion based on what we discovered. So the court had the opportunity to look at that, had an opportunity to look at the delays in this case, and they had an opportunity to look at the grand jury testimony of Tapia Lopez as well as the grand jury testimony and statements of Diaz-Vargas. And looking at that, the court clearly concluded that it would cause severe prejudice to the government if the case were allowed to proceed without Tapia Lopez as a significant government witness. Unless the court has further questions. I don't think so. Thank you. Mr. Levine. Thank you. Counsel, the matter just argued will be submitted. And we'll go next to your argument in the association's showroom. My first question is whether we will have the pleasure of seeing you two tomorrow. How's that? Friday, Your Honor.  Oh, a whole week in Portland. And it's going to be looking like this the whole time. That's great. Good morning, Mr. Paul. Good morning.
judges: Rymer, Graber, Bea